**In re Raymond E. MILES, Debtor.**

**Bankruptcy No. 82–02032–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 21, 1983.

Ashley Diener, South Miami, Fla., for debtor.

Robert Roth, Coral Gables, Fla., for trustee.

## ORDER ON REHEARING

THOMAS C. BRITTON, Bankruptcy Judge.

Confirmation was denied on this debtor's chapter 13 plan by an order entered December 20 (C.P. No. 6), which also dismissed this case. The debtor's motion for rehearing (C.P. No. 8) was heard on January 10.

As the Order of December 20 reflects, confirmation was denied on four independent grounds.

The debtor has persuaded me that, with respect to the first two grounds the debtor could remedy the deficiencies in the plan he originally presented for confirmation which was the subject of the order of December 20. Although that plan was plainly deficient, if these were the only defects in the plan, I would permit amendment.

■ With respect to the fourth ground, the debtor's proposal to discharge four student loans which would not be dischargeable in any other bankruptcy proceeding, the debtor has persuaded me that he has the right to discharge these loans in this manner. Section 523(a), upon which this portion of the order of December 20 was based, becomes applicable only if a chapter 13 debtor fails to perform his plan. That event cannot now be assumed.

■ The third and remaining basis for the order of December 20 was that it did not comply with § 1325(a)(5) with respect to the debtor's only secured debt. That section requires either that the creditor accept the plan (which it did not in this case) or that the debtor surrender the property securing the claim to the creditor (which this debtor is unwilling to do) or that the plan provide that the holder of the claim retain the lien securing its claim (which this plan did) *and:*

"... the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim."

The debtor's plan does not comply with the quoted requirement nor has the debtor ever proposed to meet this requirement. The debtor concedes that this secured claim must be allowed at least in the amount of $3,300. The plan proposes to pay this creditor $100 a month outside the plan on account of this secured claim. It proposes no distribution under the plan on account of the secured claim.

For the foregoing reason, this plan cannot be confirmed under § 1325(a)(5).

■ Furthermore, as was also said in the order of December 20, the plan asks that over half ($3,815) of the sum owed this secured creditor ($7,115) be treated as unsecured and that this creditor be paid 28% of that sum over the next three years. Section 1325(a)(4) requires that:

"... the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

If the estate of this debtor were liquidated under chapter 7 at this time, this creditor would either receive the security pledged to it, an automobile, or it would receive the monthly payments of $187, which this debtor contracted to pay that creditor. In either event, that creditor would receive more under a chapter 7 liquidation now than it would receive under this plan.

For the additional reason, therefore, that this plan does not comply with § 1325(a)(4), confirmation must be denied and the debtor has proposed no amendment to satisfy this requirement.

For each of the foregoing two reasons, (which were stated together as the third ground for denial of confirmation in the order of December 20), confirmation is denied and no purpose would be served in allowing further time to consider possible amendment of this case which has now been pending nearly three months, during which the debtor has enjoyed the benefit of the statutory stay provided by § 362(a).